IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IFS North America, Inc., | |
|     Plaintiff/Counter-Defendant, | |
| v. | Case No. 1:24-cv-00749 |
| EMCOR Facilities Services, Inc., | Hon. Charles P. Kocoras |
|     Defendant/Counter-Plaintiff. | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF IFS NORTH AMERICA, INC.'S MOTION TO QUASH THIRD-PARTY
<u>SUBPOENA TO AMERITEX PIPE & PRODUCTS, LLC</u>**

**Table of Contents**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

LEGAL STANDARD........................................................................................................................ 3

ARGUMENT..................................................................................................................................... 4

    I.    The Subpoena Should Be Quashed Because It Seeks Irrelevant Information. ............................................................................................................ 4

    II.    The Subpoena Improperly Seeks IFS's Confidential Information. ....................... 7

CONCLUSION.................................................................................................................................. 9

## Table of Authorities

### Cases

*Allstate Ins. Co. v. Electrolux Home Prods.*,
 Inc., 2017 WL 5478297 (N.D. Ill. Nov. 15, 2017) .................................................................... 3

*Architectural Iron Workers' Loc. No. 63 Welfare Fund v. Legna Installers Inc.*,
 2023 WL 2974083 (N.D. Ill. Apr. 17, 2023) ........................................................................... 4

*Brown v. Yellow Trans., Inc.*,
 2009 WL 3270791 (N.D. Ill. Oct. 9, 2009) ........................................................................... 4, 5

*Homeland Ins. Co. of N.Y. v. Health Care Serv. Corp.*,
 330 F.R.D. 180 (N.D. Ill. 2019) ............................................................................................... 7

*HTG Cap. Partners, LLC v. Doe(s)*,
 2015 WL 5611333 (N.D. Ill. Sept. 22, 2015) .......................................................................... 4

*Little v. JB Pritzker for Governor*,
 2020 WL 1939358 (N.D. Ill Apr. 22, 2020) ............................................................................ 6

*Pursley v. City of Rockford*,
 2020 WL 1433827 (N.D. Ill. Mar. 24, 2020) ........................................................................... 4

*Ret. Sys. v. Walgreen Co.*,
 2019 WL 6108220 (N.D. Ill. Nov. 15, 2019) .......................................................................... 8

*Rossman v. EN Eng'g, LLC*,
 467 F. Supp. 3d 586 (N.D. Ill. 2020) ...................................................................................... 6

*Thayer v. Chiczewski*,
 257 F.R.D. 466 (N.D. Ill. 2009) ............................................................................................... 3

*Tresóna Multimedia, LLC v. Legg*,
 2015 WL 4911093 (N.D. Ill. Aug. 17, 2015) ........................................................................... 6

*United States v. Hamdan*,
 910 F.3d 351 (7th Cir. 2018) ................................................................................................... 6

*United States v. Raineri*,
 670 F.2d 702 (7th Cir. 1982) ................................................................................................... 4

*United States v. Serta Assocs., Inc.*,
 29 F.R.D. 136 (N.D. Ill. 1961) ................................................................................................. 9

*Uppal v. Rosalind Franklin Univ. of Med. & Sci.*,
 124 F. Supp. 3d 811 (N.D. Ill. 2015) ....................................................................................... 6

*Zurich Am. Ins. Co. v. Watts Indus., Inc.*,
 417 F.3d 682 (7th Cir. 2005) ................................................................................................... 8

**Table of Authorities,** *cont'd*

**Rules**

Fed. R. Civ. P. 12................................................................................................................1, 2

Fed. R. Civ. P. 26........................................................................................................1, 3, 8, 9

Fed. R. Civ. P. 45........................................................................................................1, 3, 4, 7

Fed. R. Evid. 408 ....................................................................................................................8

**INTRODUCTION**

In violation of Federal Rules of Civil Procedure 26 and 45, Defendant EMCOR Facilities Services, Inc. ("Emcor") improperly seeks confidential, irrelevant information from a nonparty, AmeriTex Pipe & Products, LLC ("AmeriTex"). Emcor's subpoena would not lead to the discovery of admissible evidence related to its contractual dispute with IFS. But it demands AmeriTex produce irrelevant—yet highly confidential—information. And in any event, any discoverable information sought is equally available from Plaintiff IFS North America, Inc. ("IFS"), although there likely is none.

Emcor lacks any legitimate basis to obtain the requested confidential information, and its subpoena must be quashed.

**BACKGROUND**

This standard commercial dispute concerns IFS's provision and implementation of software for Emcor. The parties entered into a contract to that effect on February 6, 2019 (the "Master Agreement"). *See generally* Case No. 1:24-cv-00749 (N.D. Ill.), Dkt. 1; Case No. 1:24-cv-00770 (N.D. Ill.), Dkt. 1. No other person or entity was party to this or any other agreement between IFS and Emcor.

Separately, AmeriTex is a former IFS customer, with no relation to Emcor. IFS had a dispute with AmeriTex nearly three years ago. IFS and AmeriTex litigated briefly in late 2021 in Texas state court and in the United States District Court for the Western District of Texas. *See generally AmeriTex Pipe & Prods., LLC v. IFS North Am., Inc.*, 5:21-cv-01027-XR (W.D. Tex.) ("AmeriTex Dkt."). IFS moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(3). *See* AmeriTex Dkt. 5. The parties soon thereafter negotiated a confidential settlement agreement, and AmeriTex entered an unopposed motion to dismiss the case with prejudice, which the Court

1

granted. *See* AmeriTex Dkts. 6, 7. In sum, the entire litigation lasted about six weeks—from October 6 to November 23, 2021. The parties' relationship ended there.

AmeriTex was not a party to the IFS-Emcor Master Agreement, nor was it involved at any point in IFS and Emcor's negotiation of the Master Agreement. Nor was AmeriTex involved in the Emcor implementation process or the IFS-Emcor June 2022 order form renegotiation. And AmeriTex was not in any way involved in Emcor's purported termination of the Master Agreement in November 2022.

Same, too, with IFS and Emcor's post-"termination" dealings: AmeriTex was not in any way involved in IFS and Emcor's attempted mediation in late 2023. And AmeriTex is not a party to or in any other way involved in the breach of contract actions that IFS and Emcor both filed on January 29, 2024. In short, AmeriTex has nothing to do with this case at all.

After IFS and Emcor's two cases were consolidated before this Court on February 14, 2024 (the "Lawsuit"), IFS moved to dismiss Emcor's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Emcor answered IFS's complaint.

Thereafter, Emcor served IFS with notice of intent to serve a subpoena *duces tecum* (the "Subpoena") on AmeriTex. *See* Decl. of Johanna E. Smith, Ex. 1 ("AmeriTex Subpoena"). IFS received notice on March 5, 2024, and IFS understands that AmeriTex was subsequently served. Smith Decl. ¶¶4–5. Pursuant to the Subpoena, Emcor demands that AmeriTex produce a host of documents relating to its dispute with IFS. Emcor's document requests seek, among other materials, all documents related to IFS's participation in AmeriTex's vendor-selection process, any software-implementation communications or documents, all materials undergirding AmeriTex's pleadings in its case, IFS's invoices, AmeriTex's payments, and any settlement agreements between the two parties. *See generally* AmeriTex Subpoena.

2

Emcor set March 14, 2024, as the date of compliance, giving AmeriTex less than two weeks to respond. IFS now moves to quash.

## LEGAL STANDARD

Subpoenas must comply with both Rules 26 and 45 of the Federal Rules of Civil Procedure. Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevance and proportionality are assessed by a host of factors, including "the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Simply put, Rule 26(b)(1) limits discovery to matters that are relevant, proportional, and nonprivileged.

When sought discovery exceeds these clear bounds, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). Upon a showing of good cause, the Court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense [by] forbidding the . . . discovery" sought. Fed. R. Civ. P. 26(c)(1)(A).

Similarly, Rule 45 provides that, upon motion, a court *must* quash a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Although nonparties are generally entitled to greater protection than parties to the litigation, *Thayer v. Chiczewski*, 257 F.R.D. 466, 469 (N.D. Ill. 2009), a party may invoke Rule 45's protection when the subpoena infringes upon its "legitimate interests," including its private information. *Allstate Ins. Co. v. Electrolux Home Prods.*, Inc., 2017 WL 5478297, at *3 (N.D. Ill. Nov. 15, 2017) (citation omitted). That is, Rule 45 permits a person "*affected* by a

3

subpoena" that requires disclosing confidential or commercial information to move to quash. *Architectural Iron Workers' Loc. No. 63 Welfare Fund v. Legna Installers Inc.*, 2023 WL 2974083, at *1 (N.D. Ill. Apr. 17, 2023) (emphasis in original) (interpreting Fed. R. Civ. P. 45(b)(3)(B)).

## ARGUMENT

IFS has standing to challenge the Subpoena. A movant that is not the recipient of a subpoena may move to quash the subpoena if it "infringes upon the movant's legitimate interests." *HTG Cap. Partners, LLC v. Doe(s)*, 2015 WL 5611333, at *3 (N.D. Ill. Sept. 22, 2015) (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)); *see also Pursley v. City of Rockford*, 2020 WL 1433827, at *1 (N.D. Ill. Mar. 24, 2020) ("A party has standing to move to quash a subpoena issued to a third party where the movant has a claim of privilege in the information sought or the subpoena impinges on the movant's privacy interests."). Emcor's Subpoena to AmeriTex is unduly burdensome and harassing, seeks information wholly irrelevant to the case, and impinges IFS's legitimate confidentiality interests. The Subpoena should be quashed (or a protective order issued) because it (1) improperly seeks information that is irrelevant to the dispute between IFS and Emcor and (2) improperly seeks information IFS's confidential, private information.

**I.     The Subpoena Should Be Quashed Because It Seeks Irrelevant Information.**

The Subpoena should be quashed for the straightforward reason that it seeks information outside the scope of relevant discovery in this case. The subpoena process does not empower a party to embark on a fishing expedition untethered from the facts and circumstances of the underlying dispute. That is, as a threshold matter, information sought by a subpoena must be relevant to a claim or defense in the litigation. *Brown v. Yellow Trans., Inc.*, 2009 WL 3270791,

4

at *5 (N.D. Ill. Oct. 9, 2009). Discovery must appear "reasonably calculated to lead to admissible evidence." *Id.* at *2 (citations omitted).

Emcor's subpoena fails to meet this standard because the IFS/AmeriTex relationship is irrelevant to the IFS/Emcor dispute. The entire Subpoena seeks information about a three-year-old confidential settlement agreement between IFS and AmeriTex to which Emcor was not a party and which has no bearing on this lawsuit. For example, Request No. 1 requests information about the contract entered into between IFS and AmeriTex in 2021—an agreement having nothing to do with Emcor. AmeriTex Subpoena, Req. No. 1 (requesting "All DOCUMENTS, referencing, evidencing, or RELATING TO the Master Agreement [AmeriTex] entered into with IFS on or about January 27, 2021 . . . ."). Requests Nos. 5 and 20 are even broader, seeking information about the overall business relationship between IFS and AmeriTex. *Id.*, Reqs. Nos. 5, 20 (requesting all documents and communications relating to "[AmeriTex's] decision to enter the Master Agreement," as well as "any agreements between [AmeriTex] and IFS not already requested"). Lastly, Request No. 19 seeks documents relating to any settlement agreements between IFS and AmeriTex. *Id.*, Req. No. 19 (requesting all documents and communications related to "any settlement agreements between [AmeriTex] and IFS"). This list is non-exhaustive; all 20 of the Subpoena's Requests seek irrelevant information about IFS's relationship with AmeriTex. Such information has nothing to do with the IFS/Emcor dispute, which concerns only the contractual relationship between the parties. IFS's prior, separate business relationship with AmeriTex has no bearing on whether Emcor breached its agreement with IFS.

The Subpoena is devoid of any explanation for why the requested information is relevant to this Lawsuit. AmeriTex is not a party to the Lawsuit, the Master Agreement, or any other relevant contracts with Emcor. Likewise, AmeriTex is not involved in any of the matters discussed

5

in either party's complaint. Therefore, the Subpoena's requests far exceed the bounds of relevancy under the Federal Rules, making it appropriate for this Court to quash. *See, e.g.*, *United States v. Hamdan*, 910 F.3d 351, 358 (7th Cir. 2018) (holding district court did not err in quashing subpoenas of Wisconsin state troopers when proposed testimony was irrelevant and could have caused confusion and prejudice); *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811 (N.D. Ill. 2015) (granting motion to quash subpoena calling for testimony of hospital director who was not likely to possess any relevant information).

Additionally, even if the information sought was relevant (it isn't), this Court should still quash the Subpoena because Emcor failed to seek the information *from IFS* first. Emcor has not, as it must, "exhaust[ed] other avenues before targeting a non-party to the lawsuit." *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 592 (N.D. Ill. 2020). Emcor thus puts the cart before the horse, because "[b]efore seeking discovery from a non-party . . . a litigant must *first* attempt to obtain the discovery from another party in the lawsuit if it appears that the party would have the information that the litigant seeks." *Little v. JB Pritzker for Governor*, 2020 WL 1939358, at *7 (N.D. Ill Apr. 22, 2020) (emphasis added). This rule makes sense: nonparties—particularly uninvolved ones—should not be burdened with the demands of a case if a party to the lawsuit could provide the same information.

The information Emcor seeks from AmeriTex—on its relationship with IFS, its software purchased from IFS, and its lawsuit with IFS—is by and large equally available from IFS. The Subpoena should therefore be quashed as duplicative and cumulative because it "seek[s] information that is readily available from a party through discovery." *Tresóna Multimedia, LLC v. Legg*, 2015 WL 4911093, at *3 (N.D. Ill. Aug. 17, 2015).

6

## II. The Subpoena Improperly Seeks IFS's Confidential Information.

The impropriety of Emcor's Subpoena is further confirmed by the fact that it seeks IFS's confidential information. Unless an exception or waiver applies, a court must, upon motion, quash a subpoena that requires disclosure of privileged or other protected matters. Fed. R. Civ. P. 45(d)(3)(A)(iii). Likewise, Courts may quash or modify a subpoena if it requires the recipient to disclose "confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i).

Emcor's Subpoena attempts to invade a confidential settlement agreement between IFS and AmeriTex. Request No. 19 seeks "any settlement agreements" between AmeriTex and IFS. AmeriTex Subpoena, Req. No. 19. And to ensure nothing is missed, Request No. 20 demands AmeriTex produce any other agreement it has *ever* entered into with IFS. *Id.*, Req. No. 20. These requests inappropriately demand production of a confidential settlement agreement that has no bearing on or relevance to this Lawsuit.

Courts in the Northern District of Illinois have repeatedly declined to permit discovery into confidential settlement agreements, and this Subpoena should be no exception. As a general rule, "the public policy favoring settlements weighs against compelling production of a confidential settlement agreement, particularly where the agreement has little to no relevance to the litigation." *Homeland Ins. Co. of N.Y. v. Health Care Serv. Corp.*, 330 F.R.D. 180, 182–83 (N.D. Ill. 2019) (collecting cases). The IFS/AmeriTex settlement has no bearing on this Lawsuit. And production of that settlement agreement would "likely give [Emcor] an unfair advantage in its *own* settlement negotiations with [IFS] by allowing it to learn what concessions [IFS] was willing to make" in another settlement agreement. *Id.* at 183.

Additionally, Emcor's Subpoena improperly seeks AmeriTex and IFS's protected settlement negotiations. *See* AmeriTex Subpoena, Req. No. 19 (requesting all *communications* relating to "any settlement agreements between [AmeriTex] and IFS"). Federal Rule of Evidence 408 provides a general bar on admitting at trial settlement offers or negotiations. Public policy considerations about chilling alternative dispute resolution undergird those protections. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005). Although Rule 408 is not an absolute bar on *discovery* of settlement negotiations, Federal Rule of Civil Procedure 26(b)(1) requires that courts assess discovery proportionality, including "the burden disclosure would impose upon important social policies or compliance systems." *Washtenaw Cnty. Emps.' Ret. Sys. v. Walgreen Co.*, 2019 WL 6108220, at *6 (N.D. Ill. Nov. 15, 2019). And in *Washtenaw County*, a court in the Northern District of Illinois determined that production of settlement negotiation communications would impose an undue burden on the settlement-protective public policy undergirding Rule 408. *Id.* at *6–8.

The same is true here. Emcor has no legitimate need for these materials, which have no bearing on its defenses or case against IFS. And production of these materials would only chill IFS's settlement negotiations with Emcor. Indeed, production of these materials would chill the settlement negotiations of *any* company that might find itself in more than one commercial dispute.

Emcor's Subpoena likewise improperly seeks IFS's confidential general business information. For example, Request No. 7 seeks all documents and communications reflecting IFS's representations during the AmeriTex vendor-selection process. AmeriTex Subpoena, Req. No. 7. Request No. 11 similarly seeks all documents and communications relating to IFS's design and implementation of the project described in AmeriTex's pleadings. *Id.*, Req. No. 11. And Request No. 12 seeks all documents and communications relating to complaints AmeriTex raised during

IFS's software design and implementation. *Id.*, Req. No. 12. This list, too, is non-exhaustive; the entire Subpoena requires AmeriTex to produce confidential, commercial information about the software solution that IFS provided to AmeriTex. *See United States v. Serta Assocs., Inc.*, 29 F.R.D. 136, 138 (N.D. Ill. 1961) (granting a nonparty's motion to quash a subpoena that would force the divulgence of confidential information).

The lack of any protective order governing production of documents in this case further confirms the impropriety of Emcor's Subpoena. Although Emcor represented during the parties' Rule 26(f) conference that it would propose a draft protective order, it has not done so. No protective order is in place to govern the production, use, or disclosure of documents obtained in discovery. Thus, even if the documents were rightly sought by Emcor (they are not), Emcor's request *to AmeriTex* is improper and its demand that the documents be produced *without any protective order in place* is improper as well.

## CONCLUSION

For the foregoing reasons, IFS respectfully requests that the Court quash Emcor's Third-Party Subpoena to AmeriTex Pipe & Products, LLC or issue a protective order having the same effect.

Dated: March 12, 2024	Respectfully Submitted,

**IFS NORTH AMERICA, INC.**

*/s/ Collin J. Cox*

William D. Patterson (#6294533)
Nicole O'Toole Peterson (#6330227)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
wpatterson@smbtrials.com
npeterson@smbtrials.com

Collin J. Cox (*pro hac vice* )
Johanna E. Smith (*pro hac vice*)
Kohl V. Anderson (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, Texas 77002
(346) 718-6604
ccox@gibsondunn.com
jesmith@gibsondunn.com
kanderson@gibsondunn.com

***Attorneys for Plaintiff IFS North America, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I served this motion on counsel for Defendant/Counter-Plaintiff via the court's electronic filing system.

*/s/ Collin J. Cox*
Collin J. Cox
