# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IFS NORTH AMERICA, INC., | CASE NO. 1:24-CV-00749 |
| Plaintiff, | |
| vs. | Hon. Charles P. Kocoras |
| EMCOR FACILITIES SERVICES, INC., | |
| Defendant. | |

**NOTICE OF SUBPOENA TO AMERITEX PIPE & PRODUCTS, LLC**

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure and applicable Local Rules, Defendant, EMCOR Facilities Services, Inc, ("EMCOR") by and through their attorneys, intend to serve the attached subpoena on Ameritex Pipe & Products, LLC ("Ameritex"). The subpoena requests that Ameritex produce documents, information and things described in Attachment A, and such documents, information, and things shall be produced at the date and location specified in the subpoena, or at another mutually agreeable date and/or location.

Dated: March 5, 2024          Respectfully submitted,

By: _____
Barry P. Kaltenbach (ARDC 6270034)
**MILLER, CANFIELD, PADDOCK & STONE, P.L.C.**
227 W. Monroe, Suite 3600
Chicago, IL 60606
Telephone: 312.460.4200
kaltenbach@millercanfield.com

David J. Tsai (*pro hac vice*)
Alekzandir Morton (*pro hac vice*)
John Steger (*pro hac vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
david.tsai@pillsburylaw.com

Attorneys for Defendant

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| IFS North America, Inc. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-00749 |
| EMCOR Facilities Services, Inc. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: AmeriTex Pipe & Products, LLC, 3960 E US Highway 90, Seguin, TX 78155

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attachment A**

| Place: Pillsbury Winthrop Shaw Pittman LLP<br>401 Congress Ave, Austin, TX 78701 | Date and Time:<br>03/14/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 5, 2024

CLERK OF COURT                                    OR        /s/ David Tsai

_____                            _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendant** EMCOR Facilities Services, Inc. , who issues or requests this subpoena, are:

David Tsai, Esq., Pillsbury Winthrop Pittman Shaw LLP, Four Embarcadero Center, 24th Fl., San Francisco, CA 94111
Telephone: (415) 983-1000; Email: david.tsai@pillsburylaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IFS North America, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> EMCOR Facilities Services, Inc., <br><br> Defendant. | CASE NO. 1:24-CV-00749 <br><br> **ATTACHMENT A** |

**DEFINITIONS**

For the purposes of these Requests, the following definitions shall apply unless the context clearly indicates otherwise:

1. The words "**and**," "**or**," and "**and/or**" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

2. The words "**any**" and "**all**" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

3. "**COMMUNICATION**" or "**COMMUNICATIONS**" mean any contact, transfer, or transmittal in any form, formal or informal, at any time or place, under any circumstances, in any manner, whereby information, impressions, or understandings of any nature is or are transmitted or transferred, and shall include, without limitation, any DOCUMENTS containing, constituting, reflecting, memorializing, referring, or relating to any such contact, transfer, or transmittal.

4. "**DOCUMENT**" and "**DOCUMENTS**" are defined in the most comprehensive and inclusive sense permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and shall mean all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); text messages; online messaging; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches;

analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

5. "**PLAINTIFF**" and "**IFS**" means and refers to Plaintiff IFS North America, Inc., and its predecessors-in-interest, successors-in-interest, corporate parents, subsidiaries, affiliates, officers, directors, employees, partners, agents, representatives, and/or any other persons acting or purporting to act on its behalf.

6. "**RELATE**," "**RELATES TO**," "**RELATED TO**," "**RELATING TO**," and "**REGARDING**" are used in their broadest sense to include all documents and things having any logical or factual connection, directly or indirectly, with the matter discussed and shall mean any one or more of the following: evidencing, referring to, discussing, describing, concerning, mentioning, reflecting, depicting, summarizing, involving, regarding, embodying, containing, pertaining to, arising out of or is in connection with.

7. "**YOU**" or "**YOUR**" means and refers to AmeriTex Pipe & Products, LLC, and its predecessors-in-interest, successors-in-interest, corporate parents, subsidiaries, affiliates, officers, directors, employees, partners, agents, representatives, and/or any other persons acting or purporting to act on its behalf.

8. Whenever the singular is used herein it also includes the plural, and vice versa. Whenever the conjunctive is used herein it also includes the disjunctive, and vice versa.

9. The use of a verb in any context shall be construed as the verb in all tenses. The plural shall include the singular and the singular shall include the plural.

10. Each paragraph below shall operate and be responded to independently, and, unless otherwise indicated, no paragraph limits the scope of any other paragraph.

## **INSTRUCTIONS**

For the purposes of these Requests, the following instructions shall apply unless the context clearly indicates otherwise:

1. These Requests seek information RELATED TO, among other things, DOCUMENTS in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR directors, officers, employees, attorneys, accountants, agents, personnel, or other representatives.

2. With respect to any information, DOCUMENT, or COMMUNICATION that is withheld from disclosure or production on the grounds of the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure, fully disclose the basis for the objection, and describe:

    a. the type of DOCUMENT, COMMUNICATION, or information (e.g., email, conversation, letter, memorandum, computer printout);

    b. the date of the COMMUNICATION or production of any related DOCUMENT;

    c. the author(s), preparer(s), or sender(s);

    d. the addressee(s) or recipient(s);

    e. any carbon copy or blind carbon copy recipients;

    f. the date such DOCUMENT was prepared and sent; and

    g. the nature and subject matter thereof sufficient to identify the DOCUMENT accurately.

3. All responses to the Requests herein shall include such information as is within the custody, possession, or control of the responding party, including DOCUMENTS within the possession, custody, or control of the responding party's directors, officers, employees, agents, contractors, accountants, attorneys, investigators, or other representatives acting on the responding party's behalf.

4. All DOCUMENTS produced must be organized and labeled to correspond to the Requests or produced as they are kept in the usual course of business so that EFS can ascertain the files in which the DOCUMENTS are located, their relative order in such files, and how such files are maintained. All DOCUMENTS are to be produced in their entirety, without abbreviation or editing and including both sides of two-sided DOCUMENTS and any attachments to a DOCUMENT.

5. If YOU have a good-faith objection to any of these Requests, the specific nature of the objection and whether it applies to the entire Request or to a certain portion of it shall be clearly stated. If there is an objection to any part of a Request, then the part or parts objected to should be indicated and information responsive to the remaining unobjectionable parts should be provided. Pursuant to Rule 34(b)(2)(C), if YOU withhold any responsive DOCUMENTS or materials on the basis of an objection, YOUR response must state whether any responsive materials are being withheld on the basis of that objection.

6. Unless otherwise indicated, these Requests cover all time periods, and the relevant time period for the information and DOCUMENTS requested shall not be limited in any manner.

7. In accordance with Rule 26(e), these Requests shall be deemed continuing in nature so as to require supplemental responses between the time YOUR responses are served and the time of trial. If YOU subsequently acquire any further responsive information or DOCUMENTS requested in these Requests, YOU must promptly furnish such information or DOCUMENTS to EFS through undersigned counsel.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, referencing, evidencing, or RELATING TO the Master Agreement you entered into with IFS on or about January 27, 2021, referred to in the petition filed by YOU in the District Court Guadalupe County Texas, Cause No. 21-2028-CV-E (U.S. District Court for

the Western District of Texas: *AmeriTex Pipe & Products, LLC v. IFS North America, Inc.* (W.D. Texas Case No. 5:21-cv-1027), ECF 1-2, Exhibit B at 3) ("Petition").

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO the Order Form between YOU and IFS referred to in the Petition.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO the allegations made by YOU against IFS in the Petition.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO any misrepresentations IFS made to YOU during the course of YOUR relationship with IFS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO YOUR decision to enter the Master Agreement, including the specific requirements YOU were expecting IFS to meet.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO IFS's representations to YOU that it had "precast-specific functionality built into its preexisting native application," as referred to in the Petition at 4.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO IFS's representations to YOU that "it did not leverage third-party implementation partners," as referred to in the Petition at 3.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO IFS's representations to YOU that it had prior work history in the concrete and precast space, as referred to in the Petition at 3.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO IFS's representations to YOU that it had experience working with The Thomspon Pipe Group, as referred to in the Petition at 4.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO IFS's representations to YOU that its implementation would be "timely, efficient, and internal," as referred to in the Petition at 4.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO IFS's design and implementation of the ERP project described in the Petition.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO complaints YOU raised during IFS's design and implementation of the ERP project described in the Petition.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO issues that arose during IFS's design and implementation of the ERP project described in the Petition.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO IFS's use of subcontractors in the design and implementation of the ERP project described in the Petition.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO any payments made by YOU to IFS.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO any invoices issued by IFS to YOU.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO any refunds, credits, returns, monies, or compensation IFS provided to YOU.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS RELA referencing, evidencing, or RELATING TO the damage caused to YOU by IFS's misrepresentations.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS referencing, evidencing, or RELATING TO any settlement agreements between YOU and IFS.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS referencing, evidencing, or RELATING TO any agreements between YOU and IFS not already requested.

Dated: March 5, 2024

Respectfully submitted,

By: _____

Barry P. Kaltenbach (ARDC 6270034)
**MILLER, CANFIELD, PADDOCK & STONE, P.L.C.**
227 W. Monroe, Suite 3600
Chicago, IL 60606
Telephone: 312.460.4200

David J. Tsai (*pro hac vice*)
Alekzandir Morton (*pro hac vice*)
John Steger (*pro hac vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
david.tsai@pillsburylaw.com

Attorneys for Defendant EMCOR Facilities Services, Inc.

4893-7491-9593

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-00749

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## **PROOF OF SERVICE**

I, **Maria M. Gonzalez**, the undersigned, hereby declare as follows:

1. I am over the age of 18 years and am not a party to the within cause. I am employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State of California.

2. My email and business address are **maria.gonzlaez@pillsburylaw.com**; Four Embarcadero Center, 22nd Floor, San Francisco, CA 94111-5998.

3. My mailing address is P. O. Box 2824, San Francisco, CA 94111-5998.

4. On March 5, 2024**,** I served a true copy of the attached document(s) titled exactly:

- **NOTICE OF SUBPOENA TO AMERITEX PIPE & PRODUCTS, LLC**

by sending it/them via electronic transmission to the following persons at the electronic-mail addresses so indicated:

| | |
|---|---|
| William D. Patterson, Esq.<br>Nicole O'Toole Peterson, Esq.<br>SWANSON, MARTIN & BELL, LLP<br>330 N. Wabash, Suite 3300<br>Chicago, IL 60611<br>Phone: (312) 321-8445<br>Email: wpatterson@smbtrials.com<br>    npeterson@smbtrials.com | *ATTORNEYS FOR PLAINTIFF*<br>*IFS NORTH AMERICA, INC.* |
| Collin J. Cox, Esq.<br>Johanna E. Smith, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>811 Main Street, Suite 3000<br>Houston, Texas 77002<br>Phone: (346) 718-6604<br>Email: ccox@gibsondunn.com<br>    jesmith@gibsondunn.com<br>    MParmley@gibsondunn.com | *ATTORNEYS FOR PLAINTIFF*<br>*IFS NORTH AMERICA, INC.* |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of March, 2024, at San Francisco, California.

_____
Maria M. Gonzalez

4891-3838-2763.v1