# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IFS North America, Inc., | |
|     Plaintiff, | |
| v. | Case No. 1:24-cv-00749 (Lead Case) |
| EMCOR Facilities Services, Inc., | Honorable Charles P. Kocoras |
|     Defendant. | |
| EMCOR Facilities Services, Inc., | |
|     Plaintiff, | Case No. 1:24-cv-00770 |
| v. | Honorable Charles P. Kocoras |
| IFS North America, Inc., | |
|     Defendant. | |

**DEFENDANT EMCOR FACILITIES SERVICES, INC.'S OPPOSITION
TO PLAINTIFF IFS NORTH AMERICA, INC.'S
MOTION TO QUASH THIRD-PARTY SUBPOENAS TO
AMERITEX PIPE & PRODUCTS, LLC**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

I. IFS Failed to Meet and Confer ................................................................................ 3

II. The Information Sought Through the Subpoenas to AmeriTex is Relevant and Proportionate to the Needs of the Case ................................................................... 4

    A. IFS Lacks Standing to Move to Quash the Subpoena on Any Grounds Other than its Privacy Concerns ................................................................ 4

    B. The Information Sought by the Subpoenas is Highly Relevant ............... 5

    C. EFS Will Seek Only Information That is Not Available Through IFS ... 6

III. IFS's Privacy Concerns Do Not Warrant Quashing the Subpoenas ....................... 7

    A. EFS Will Not Seek Documents and Information Regarding IFS's Settlement Agreement with AmeriTex at This Time ............................... 7

    B. Any Confidential Information Requested by the Subpoenas Will be Protected by a Protective Order ................................................................ 7

CONCLUSION ..................................................................................................................... 8

4881-0511-5311

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Electrolux Home Prod., Inc.*,
  No. 16-CV-4161, 2017 WL 5478297 (N.D. Ill. Nov. 15, 2017) .................................................. 4

*Malibu Media, LLC v. John Does 1-14*,
  287 F.R.D. 513 (N.D. Ind. 2012) .............................................................................................. 5

*Morin v. Nationwide Fed. Credit Union*,
  229 F.R.D. 364 (D. Conn. 2005) ............................................................................................... 7

*Parker v. Four Seasons Hotels, Ltd.*,
  291 F.R.D. 181 (N.D. Ill. 2013) ................................................................................................ 3

*Third Degree Films, Inc. v. Does 1-2010*,
  No. 4:11 MC 2, 2011 WL 4759283 (N.D. Ind. Oct. 6, 2011) ............................................ 4, 5, 6

*United States v. Chaimson*,
  760 F.2d 798 (7th Cir. 1985) .................................................................................................... 5

*Watkins v. Ghosh*,
  No. 11 C 1880, 2013 WL 3455826 (N.D. Ill. July 9, 2013) ...................................................... 3

**Rules**

Fed. R. Evid. 404(b)(2) ................................................................................................................... 5

Local Rule 37.2 ............................................................................................................................... 3

4881-0511-5311

Defendant EMCOR Facilities Services, Inc. ("EFS") respectfully opposes Plaintiff IFS North America, Inc.'s ("IFS") Motion to Quash the Third-Party Subpoena to AmeriTex Pipe & Products, LLC (Dkt. 29) and IFS's Motion to Quash the Third-Party Deposition Subpoena to AmeriTex Pipe & Products LLC (Dkt. 33).

**INTRODUCTION**

IFS has engaged in a pattern of deceit and fraud by misrepresenting its abilities to prospective customers in the hopes of securing their business. As a result of its conduct, IFS has now been sued by multiple former customers for fraud.

Here, EFS asserts that IFS fraudulently induced it into entering into lucrative software contracts with IFS by wholly misrepresenting the capabilities of its software. The end result was that EFS paid millions to IFS for software that ***did not work*** (and IFS knew would not work) for EFS's business.

And as EFS has since learned, IFS has been subject to suit by another former customer with substantially similar allegations. AmeriTex Pipe and Products, LLC ("AmeriTex") filed claims against IFS alleging that it grossly overstated the capabilities of its software offerings in an attempt to convince AmeriTex to enter into a contract with it. Thus, it appears that IFS's modus operandi is to falsely assure customers that its technology meets their specific needs, only to fail to deliver on those promises after securing the contracts.

The subpoenas served on AmeriTex seek critical information that goes to the heart of IFS's intent, knowledge, and pattern of this practice of deception. This information is highly relevant to proving EFS's claims and rebutting IFS's defenses; for example, one element of EFS's fraudulent inducement is that IFS knew or recklessly disregarded the falsity of its statements. The fact that IFS has now been subject to suit by at least two former customers expressly alleging that IFS knowingly misrepresented its software's capabilities demonstrates exactly that. Tellingly, IFS has

provided no valid grounds to quash these subpoenas beyond vague allusions to confidentiality concerns that can be adequately addressed through the protective order contemplated by the parties. For the reasons explained herein, IFS's motion to quash should be denied.

Nevertheless, EFS is willing to reach a resolution regarding this discovery dispute. Had IFS followed its meet and confer requirements (rather than burden this Court with meritless objections in an apparent attempt to conceal highly relevant evidence of its pattern of fraud), EFS would have explained this to IFS. Specifically, EFS agrees to withdraw, without prejudice, its document subpoena to AmeriTex as to: (1) the settlement agreement between IFS and AmeriTex; and (2) communications between IFS and AmeriTex. EFS further agrees to withdraw, without prejudice, its deposition subpoena to AmeriTex. Thus, subject to EFS being permitted to seek further discovery from AmeriTex at a later date, it is only requesting at this time internal AmeriTex documents and communications related to: agreements between AmeriTex and IFS not involving settlement; IFS's alleged misrepresentations to AmeriTex made during the course of the parties' relationship; issues that arose during IFS's implementation of the contracted for software; and AmeriTex's damages arising from IFS's misconduct.

## BACKGROUND

This action concerns material misrepresentations made by IFS to secure a multimillion dollar contract to provide EFS with an enterprise-level software solution. IFS represented to EFS that it could provide software the met EFS's specific needs, including its need to have a tech portal accessible on smartphones and tablets, and its need to have robust technology allowing for loading a large volume of contracts. Based on these and other representations, EFS selected IFS from a pool of qualified candidates; however, throughout the development and implementation process, EFS learned that IFS's technology lacked much of the required functionality that IFS assured EFS it possessed.

4881-0511-5311

EFS's allegations against IFS are strikingly similar to those made by AmeriTex in its 2021 lawsuit against IFS (the "AmeriTex Action"). *See AmeriTex Pipe & Products, LLC v. IFS North America, Inc.* (W.D. Texas Case No. 5:21-cv-1027). In the AmeriTex Action, AmeriTex alleged that IFS made material misrepresentations of fact to AmeriTex which induced AmeriTex to enter into an agreement with IFS for the implementation of software.

## ARGUMENT

### I. IFS Failed to Meet and Confer

This Court should deny IFS's Motion because IFS failed to confer with EFS prior to filing its motions, as required by Local Rule 37.2. Local Rule 37.2 states that the Court:

> [S]hall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

IFS made no attempt to meet and confer with EFS's counsel prior to filing its Motion to Quash on March 12, 2024. For this reason alone, the Court should deny IFS's motion. *See Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 183 (N.D. Ill. 2013) (finding that Defendant's motion to quash could be denied based on Defendant's failure to abide by Local Rule 37.2).

Had IFS brought its concerns to EFS prior to filing the Motion, EFS believes that the Parties could have reached a reasonable resolution without the waste of Court and Party resources. *See Watkins v. Ghosh*, No. 11 C 1880, 2013 WL 3455826, at *2 (N.D. Ill. July 9, 2013) (denying motion for discovery sanctions based on "an issue that may have been resolved with a simple phone call to opposing counsel").

3

Specifically, EFS agrees to withdraw, without prejudice, its document subpoena to AmeriTex as to: (1) the settlement agreement between IFS and AmeriTex; and (2) communications between IFS and AmeriTex. EFS further agrees to withdraw, without prejudice, its deposition subpoena to AmeriTex. Thus, subject to EFS being permitted to seek further discovery from AmeriTex at a later date, it is only requesting at this time internal documents and communications related to agreements between AmeriTex and IFS not involving settlement; IFS's misrepresentations to AmeriTex made during the course of the parties' relationship; issues that arose during IFS's implementation of the contracted for software; and AmeriTex's damages arising from IFS's misconduct. Had IFS met and conferred with EFS as required, this motion could have been avoided altogether.

As explained below, the information that EFS seeks through this proposed narrowing of the subpoena is properly subject to discovery because it is relevant and proportionate to the needs of the case, it seeks documents that are not available from IFS, and it does not impinge on IFS's confidentiality interests.

## II. The Information Sought Through the Subpoenas to AmeriTex is Relevant and Proportionate to the Needs of the Case

### A. IFS Lacks Standing to Move to Quash the Subpoena on Any Grounds Other than its Privacy Concerns

As an initial matter, IFS lacks standing to move to quash the subpoena on the basis that the subpoenas are "unduly burdensome and harassing," or because they "seek[] information wholly irrelevant to the case." Dkt. 29, 4. *See Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *3 (N.D. Ill. Nov. 15, 2017) ("As a non-recipient of the subpoena, Plaintiff has no interest in any undue burden that compliance would require, and Plaintiff thus has no standing to object on that basis."); *Third Degree Films, Inc. v. Does 1-2010*, No. 4:11 MC 2, 2011 WL 4759283, at *2 (N.D. Ind. Oct. 6, 2011) ("defendant lacks standing to move to quash a

4

subpoena on the ground of undue burden when the subpoena is directed to the ISP rather than to him. . . [defendant] may not move to quash the subpoena served on Purdue on grounds of undue burden because the subpoena was directed to the ISP and requires no action on his behalf"); *see also Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 518 (N.D. Ind. 2012) (collecting cases). Thus, this Court should disregard IFS's arguments on undue burden and relevance, as only the party to whom the subpoena was directed (*e.g.*, AmeriTex here) has standing to make these objections.

Instead, the only argument this Court should consider is whether the subpoena (under EFS's proposed narrowing) impinges on IFS's privacy interest. *See Third Degree Films*, 2011 WL 4759283, at *2 ("[defendant] has standing to assert his privacy interest in the requested information."). As explained herein, the proposed narrowed subpoena does not impinge on IFS's privacy interests. Further, while IFS asserts that *every single document* sought by the subpoena is "confidential," it provides no evidence or explanation as to how that is the case.

**B.     The Information Sought by the Subpoenas is Highly Relevant**

Even if the Court were to consider IFS's relevance argument (it should not), the subpoena seeks highly relevant information. As explained above, the general allegations raised by AmeriTex regarding IFS's course of conduct are nearly identical to those claimed by EFS in this action. Evidence related to other similar acts by EFS is relevant to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *United States v. Chaimson*, 760 F.2d 798, 806 (7th Cir. 1985) (finding evidence of previous, similar bad acts of defendant could be admitted "for purposes of establishing intent").

In addition to the striking similarity between AmeriTex's and EFS's allegations, the information sought through the subpoenas is relevant as it will rebut IFS's defenses. Specifically, IFS will argue that EFS cannot show that IFS had the requisite intent to defraud EFS when it made

5

its false statements. Further, IFS argued that EFS could not state a claim for breach of contract, as certain disclaimers in the Master Agreement shielded IFS from liability.[1] The information sought from AmeriTex is relevant to both of these issues. First, as explained above, evidence of IFS's past fraudulent activity and course of conduct can be used as evidence of its intent. Second, evidence related to AmeriTex's and IFS's interpretation of the disclaimer in the Master Agreement to which they entered is relevant to the effect the similar disclaimer in the Master Agreement between EFS and IFS should be given.

### C. EFS Will Seek Only Information That is Not Available Through IFS

Finally, IFS argues that EFS must first seek the requested information from IFS before seeking it from AmeriTex. Dkt. 29, 6. As explained above, IFS does not have standing to make this type of "undue burden" argument. *See Third Degree Films*, 2011 WL 4759283, at *2 (defendant lacks standing to move to quash a subpoena on the ground of undue burden when the subpoena is directed to the ISP rather than to him"). Regardless, at this time EFS will seek only documents and information from AmeriTex that are not in IFS's possession. Should EFS later determine that it is unable to obtain this information from IFS (*e.g.*, because IFS refuses to produce it), it shall renew its requests for this information from AmeriTex.

Further, much of the information requested by the subpoena is clearly not in IFS's possession. For example, the subpoena seeks AmeriTex's internal documents and communications regarding the allegations in its complaint, its negotiation of the Master Agreement, and IFS's failure to deliver the contracted for products and services. As these

---

[1] IFS previewed both of these arguments in its Motion to Dismiss EFS's complaint (filed on February 20, 2024). [Dkt. 15, at 10, 14-15.]

materials could not conceivably be obtained through any other means, it is proper for EFS to seek them from AmeriTex.

### III. IFS's Privacy Concerns Do Not Warrant Quashing the Subpoenas

#### A. EFS Will Not Seek Documents and Information Regarding IFS's Settlement Agreement with AmeriTex at This Time

IFS raises only two categories of its purported "confidential information" sought by the subpoenas. The first category is "any settlement agreements," and negotiations of the same. At this time, EFS will withdraw (without prejudice) all requests related to any settlement agreements between AmeriTex and IFS to AmeriTex. EFS again notes that, had IFS complied with its meet and confer requirement, this issue could have been resolved outside of motion practice.

#### B. Any Confidential Information Requested by the Subpoenas Will be Protected by a Protective Order

IFS's only remaining rationale for quashing the subpoena is because it seeks "IFS's confidential general business information." [Dkt. 29, 8.] However, the parties' contemplated protective order will mitigate any risk to IFS regarding the disclosure of its confidential information. *See Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 364, 367 (D. Conn. 2005) (finding "confidential[] production is not precluded altogether, but rather, may proceed pursuant to a protective order or stipulation for the exchange of confidential documents") (internal quotations omitted).

Although IFS argues that the subpoenas should be quashed as no protective order is yet in place (Dkt. 29, 9), the parties discussed their intention to file a stipulated protective order with the Court at their 26(f) conference. EFS agrees to defer enforcing the subpoenas until after entry of a protective order. Again, IFS's concern could have been easily addressed had it complied with this Court's meet and confer requirement.

4881-0511-5311

## CONCLUSION

For the foregoing reasons, EFS respectfully requests that this Court deny IFS's Motions to Quash the Subpoenas served on AmeriTex.

Dated: March 25, 2024

Respectfully submitted,

By: */s/ David J. Tsai*

Barry P. Kaltenbach (ARDC 6270034)
**MILLER, CANFIELD, PADDOCK & STONE, P.L.C.**
227 W. Monroe, Suite 3600
Chicago, IL 60606
Telephone: 312.460.4200
kaltenbach@millercanfield.com

David J. Tsai (*pro hac vice*)
Alekzandir Morton (*pro hac vice*)
John Steger (*pro hac vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
david.tsai@pillsburylaw.com
alekzandir.morton@pillsburylaw.com
john.steger@pillsburylaw.com

Attorneys for Defendant
EMCOR Facilities Services, Inc.

4881-0511-5311