**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

IFS North America, Inc.
                                   Plaintiff,

v.                                                    Case No.: 1:24−cv−00749
                                                             Honorable Charles P. Kocoras

EMCOR Facilities Services, Inc.
                                   Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, December 29, 2025:

       MINUTE entry before the Honorable Jeffrey T. Gilbert. The Court reviewed the Joint Status Report [135]. The parties report they were unable to reach agreement on the scope of Request Nos. 2 and 3 in the subpoenas concerning "any misrepresentation" by IFS made to certain of its third−party customers (the subpoena recipients). In light of this impasse, the Court grants in part the Plaintiff/Counter−Defendant IFS North America, Inc.'s Motion to Quash Third−Party Subpoenas [81] (&quo;t;Motion to Quash") as to Request Nos. 2 and 3. The Court denies in part the remainder of the relief sought in the Motion to Quash [81] as to the other subpoena requests as moot in light of the parties' agreement as to the scope of Request No. 1 and Request Nos. 3−10 in the revised subpoenas attached to the Joint Status Report [135−1] [135−2] [135−3] [135−4] [135−5] [135−6]. EFS also notes in the Joint Status Report that it has been seeking documents and information from IFS about IFS&#039;s disputes with certain customers and that EFS may need to bring that dispute to the Court after exhaustion of Local Rule 37.2 efforts. [135] at 2 and n.1. Such a motion may be an appropriate vehicle by which to identify alleged misrepresentations made by IFS to third−party customers that may be discoverable in this case pursuant to subpoena. Although the Court is not ruling on a motion to compel that is not before it, it may be that IFS's production of the documents that EFS is seeking could enable EFS to particularize requests related to "any misrepresentations" made by IFS to certain IFS customers pursuant to a future subpoena or subpoenas. That may be a more efficient way for EFS to discover information from third−party customers without unduly burdening those third−party customers with identifying alleged misrepresentations made by IFS without any guidance as to the nature of the alleged misrepresentations that EFS is seeking. The parties shall file the joint status report the Court previously ordered be filed by 1/14/26 on their progress generally with discovery including the scheduling of depositions [133]. Mailed notice (sxw)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was

generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.